

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00418-CV

## IN THE INTEREST OF A.M.C., A CHILD

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. CD-02-34444**

## MEMORANDUM  OPINION

Stephen C. appeals from the denial of a motion to modify custody of his minor daughter, A.M.C.  TEX. FAM. CODE ANN. §§ 156.001, et. seq. (West 2010).   Tina Marie C. a/k/a Tina Marie C. was named the sole managing conservator in the parties' divorce in 2003.   Stephen was appointed a possessory conservator and given supervised visitation only at Tina's sole discretion.  Stephen complains that the trial court erred "concerning Texas Statute Section 156.101(a)(2);" "concerning Texas Statute Section 153.001;" "concerning Texas Statute Section 153.002;" by "failing in its duties … by allowing Tina … to continually be allowed to place her daughter, A.M.C., in potential danger regarding the internet;" "regarding 18 U.S.C. 1513;" "regarding child support;"

and "regarding Tina … violating Minor, A.M.C.'s … 1st Amendment Rights – Freedom of Religion." We affirm.

*Failure to Request Reporter's Record*

This Court was notified by the official court reporter that a reporter's record had not been requested. We notified Stephen that his appeal would be submitted on the clerk's record alone if he did not request and make arrangements to pay for the reporter's record. TEX. R. APP. P. 37.3(c). Stephen notified this Court that he did not wish to request the reporter's record, at which time we advised the parties that the appeal would be submitted on the clerk's record only. Because there is no reporter's record, we are limited to considering only his issues that do not require a reporter's record for a decision. TEX. R. APP. P. 37.3(c).

*Issues on Appeal*

Each of Stephen's issues in this appeal as briefed include extensive arguments and details regarding the testimony given at the final hearing on the motion to modify conservatorship that he had filed. His issues as set forth in his brief relate to the trial court's failure to grant his motion to modify, not ruling in the best interest of the child, denial of contact with the child, putting the child in danger due to actions on the internet, failure to modify child support, and denial of letting A.M.C. attend religious services, all of which require a reporter's record for us to properly assess.

Stephen's failure to provide a complete record prevents us from granting him any relief. When no findings of fact and conclusions of law are filed, we must presume the trial court made all the necessary findings to support its judgment. *Roberson v.*

*Robinson*, 768 S.W.2d 280, 281 (Tex. 1989). When no reporter's record is filed, we must assume the missing evidence supports the trial court's ruling. *Bryant v. United Shortline Inc. Assurance Servs.*, 972 S.W.2d 26, 31 (Tex. 1998). These presumptions compel a finding that the trial court's decision was correct. We overrule issues one through seven.

*Conclusion*

We affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
　　　Justice Davis, and
　　　Justice Scoggins
Affirmed
Opinion delivered and filed March 30, 2011
[CV06]